No. 25-8018

# 𝔘𝔫𝔦𝔱𝔢𝔡 𝔖𝔱𝔞𝔱𝔢𝔰 ℭ𝔬𝔲𝔯𝔱 𝔬𝔣 𝔄𝔭𝔭𝔢𝔞𝔩𝔰

*for the*

# 𝔗𝔥𝔦𝔯𝔡 ℭ𝔦𝔯𝔠𝔲𝔦𝔱

THOMSON REUTERS ENTERPRISE CENTRE GMBH and WEST PUBLISHING CORPORATION,

*Appellees,*

*vs.*

ROSS INTELLIGENCE INC.

*Appellants.*

ON APPEAL BY PERMISSION FROM AN ORDER OF THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF DELAWARE
CIVIL ACTION NO. 20-613
(THE HONORABLE STEPHANOS BIBAS, U.S. DISTRICT JUDGE)

**BRIEF FOR *AMICI CURIAE* IN SUPPORT OF APPELLANT/DEFENDANT'S PETITION FOR CERTIFICATION UNDER § 1292(b)**

FROST LLP
Christopher Frost (#200336)
Nicholas Lauber (#288499)
Jeffrey Miles (#293869)
10960 Wilshire Boulevard, Suite 2100
Los Angeles, California 90024
(424) 254-0441
chris@frostllp.com
lauber@frostllp.com
miles@frostllp.com

PRICKETT, JONES & ELLIOTT, P.A.
Samuel L. Closic (#5468)
1310 North King Street
Wilmington, Delaware 19801
(302) 888-6500
bejameson@prickett.com
slclosic@prickett.com

*Attorneys for Amici Curiae*

# <u>TABLE OF CONTENTS</u>

<u>Page No.</u>

TABLE OF CONTENTS.................................................... ..................i

TABLE OF AUTHORITES ....................................... ................ ii

RULE 29 STATEMENT ....................................... ..................1

INTEREST OF AMICI CURIAE.................................. ..................2

PRELIMINARY STATEMENT ........................................ ..................2

ARGUMENT ....................................... ..................5

I.     WEST'S HEADNOTES AREN'T COPYRIGHTABLE............ ..................5

     A.    West's Headnotes Aren't Original ........................... ..................6

     B.    West's Headnotes Are Uncopyrightable Facts ................. ..................7

     C.    West's Headnotes Are Uncopyrightable Short Phrases..... ..................9

     D.    West's Headnotes Are Purely Functional ......................... ..................9

II.    THE DISTRICT COURT'S RELIANCE ON *FEIST* IS
MISPLACED............................................... ...............11

CONCLUSION ........................................ ...............14

## <u>TABLE OF AUTHORITES</u>

Page(s)

**CASES**

*Baker v. Selden*,
101 U.S. 99 (1879) ................................................................................. 9

*Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*,
499 U.S. 340 (1991) .................................................................. 6, 7, 8, 11

*Google LLC v. Oracle Am., Inc.*,
593 U.S. 1 (2021) ................................................................................ 10

*Harper & Row, Publishers, Inc. v. Nation Enters.*,
471 U.S. 539 (1985) ........................................................................... 6, 7

*Perris v. Hexamer*,
99 U.S. 674 (1879) ................................................................................ 9

*Southco, Inc. v. Kanebridge Corp.*,
390 F.3d 276 (3d Cir. 2004) (en banc) (Alito, J.) ........................... passim

*Thomson Reuters Enter. Ctr. GMBH v. Ross Intel. Inc.*,
No. 1:20-CV-613-SB, 2025 WL 458520 (D. Del. Feb. 11, 2025) .............. 11, 12

**RULES**

Fed. R. App. P. 29(a)(4)(E) ........................................................................ 1

**STATUTES**

17 U.S.C. § 102(b) ..................................................................................... 9

**OTHER AUTHORITIES**

Edward Lee, *ChatGPT is Eating the World*, at
https://chatgptiseatingtheworld.com/ (last visited Apr. 21, 2025) ........................ 2

*Famous Quotes by Michelangelo*, at
https://www.michelangelo.org/michelangelo-
quotes.jsp#:~:text=I%20saw%20the%20angel%20in,%2D%20Michelang
elo (last visited Apr. 21, 2025) ........................................................... 12

Melville B. Nimmer & David Nimmer, *Nimmer on Copyright* (1990).................6, 7

**RULE 29 STATEMENT**

No party or party's counsel authored this brief in whole or in part or contributed money that was intended to fund preparing or submitting the brief. No person other than amici and its counsel contributed money that was intended to fund preparing or submitting the brief. See Fed. R. App. P. 29(a)(4)(E).

## INTEREST OF AMICI CURIAE

Brian L. Frye is the Spears-Gilbert Professor of Law at the University of Kentucky Rosenberg College of Law. As a copyright scholar, Professor Frye is interested in the scope and limits of United States copyright law. He is concerned with ensuring that courts determine whether training an AI model infringes the copyright in its training data by considering an AI model trained on copyrightable subject matter. Accordingly, he believes it will be helpful to inform the court about the scope of copyrightable subject matter.

## PRELIMINARY STATEMENT

While AI models present many difficult and important copyright questions, the most difficult and important question is existential: Does training an AI model on copyrighted works infringe the copyright in those works? Many federal courts are currently asking that question.[1] But this is the wrong case to answer it, because the plaintiff's allegedly infringed works aren't copyrightable.

The United States District Court for the District of Delaware found that at least some of Appellee's ("West's") individual headnotes are copyrightable and that training an AI model on copyrighted works is infringing. The District Court was

---

[1] *See generally* Edward Lee, *ChatGPT is Eating the World*, *at* https://chatgptiseatingtheworld.com/ (last visited Apr. 21, 2025) (reporting on the many lawsuits filed against AI companies alleging copyright infringement, among other things).

wrong. West's individual headnotes aren't copyrightable. So the District Court shouldn't have answered the second question, because there was no need. If West's individual headnotes aren't copyrightable, then using them can't be infringing, and fair use is immaterial.

This court should grant ROSS's petition for interlocutory review because it will enable this court to avoid asking a hard question by answering an easy one. The District Court found that at least some of West's individual headnotes are protected by copyright and that training an AI model on copyrighted works is infringing. But it should have dismissed West's complaint for failure to state a claim, because none of West's individual headnotes are copyrightable.

This case is conceptually complex, but factually simple. Appellee ("Thomson Reuters") owns West, which publishes Westlaw, a popular legal research tool. Westlaw is based on the West Key Number System, which uses more than 28 million headnotes to categorize the legal issues addressed in more than 14 million judicial opinions. ROSS used about 25,000 of West's headnotes to train an AI model and create an AI legal research tool. West alleges that ROSS infringed the copyright in its headnotes by using them to train an AI model. ROSS replies that West's headnotes aren't protected by copyright and that training an AI model on copyrighted works is a non-infringing fair use.

Essentially, this case presents two questions:

1. Are any of West's individual headnotes copyrightable?; and,

2. If any of West's individual headnotes are copyrightable, did ROSS infringe the copyright in those headnotes by using them to train its AI model?

In order for West to win, the answer to both questions has to be yes. But West can't win, because the answer to the first question is no. Copyright requires originality, and West's individual headnotes aren't original. On the contrary, they are factual claims about judicial opinions expressed in functional, short phrases summarizing those opinions. Or to put it another way, West's headnotes are copies of the opinions they describe, intentionally devoid of creativity.

**ARGUMENT**

This court should grant interlocutory review because the District Court wrongly decided a controlling question of law: Whether West's headnotes are copyrightable. West alleges that ROSS infringed the copyrights in its headnotes by using them to train its AI model. West cannot win unless its headnotes are copyrightable. The District Court found that at least some of West's headnotes are copyrightable. But it was wrong. None of West's headnotes are copyrightable because none of them include any original content. All of West's headnotes are brief statements of fact, intended to be the best summary of a point of law.

Copyright requires originality. But West's headnotes aren't original. On the contrary, they are factual claims about the content of judicial opinions, expressed in functional, short phrases. In other words, West's headnotes are merely copies of the opinions they describe, intentionally devoid of creativity. Accordingly, they cannot be protected by copyright. And if West's headnotes are uncopyrightable, then using them to train an AI model can't be infringing.

## I.    WEST'S HEADNOTES AREN'T COPYRIGHTABLE

The District Court wrongly found that at least some of West's headnotes are copyrightable, because they aren't literally identical to the judicial opinions they describe. The District Court was mistaken, because West's headnotes utterly lack originality, and are intended to lack originality. The purpose of West's headnotes is not to be independently created works of authorship with a creative spark. The

purpose of West's headnotes is to be accurate factual statements about judicial opinions. West's headnotes simply aren't the kind of thing that copyright can or does protect.

### A.     West's Headnotes Aren't Original

Copyright can only protect original works of authorship. "The *sine qua non* of copyright is originality. To qualify for copyright protection, a work must be original to the author." *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 345 (1991) (citing *Harper & Row, Publishers, Inc. v. Nation Enters.*, 471 U.S. 539, 547–49 (1985)). A work or element of a work is original and protected by copyright if and only if it was "independently created" by the author of the work and reflects at least some degree of "creativity." *Feist*, 499 U.S. at 345 ("Original, as the term is used in copyright, means only that the work was independently created by the author (as opposed to copied from other works), and that it possesses at least some minimal degree of creativity.") (citing Melville B. Nimmer & David Nimmer, *Nimmer on Copyright* §§ 2.01[A], [B] (1990)).

Of course, originality is a low bar. A work is independently created so long as it isn't a copy of an existing work, and originality requires only a "modicum" of creativity. *Feist*, 499 U.S. at 345–46 ("To be sure, the requisite level of creativity is extremely low; even a slight amount will suffice. The vast majority of works make the grade quite easily, as they possess some creative spark, 'no matter how crude,

humble or obvious' it might be.") (quoting Melville B. Nimmer & David Nimmer, *Nimmer on Copyright* § 1.08[C][1]). While copyright can't protect a white pages telephone directory, it can protect just about anything else, including a yellow pages telephone directory. But that doesn't help West, because its headnotes are copies of the judicial opinions they describe and are intentionally devoid of creativity. Accordingly, copyright does not and cannot protect West's headnotes.

### B.    West's Headnotes Are Uncopyrightable Facts

Copyright cannot protect facts. "That there can be no valid copyright in facts is universally understood. The most fundamental axiom of copyright law is that '[n]o author may copyright his ideas or the facts he narrates.'" *Feist*, 499 U.S. at 344–45 (quoting *Harper & Row*, 471 U. S. at 556).

The reason that copyright cannot protect facts is because facts are not independently created by an author and therefore cannot be original. "This is because facts do not owe their origin to an act of authorship. The distinction is one between creation and discovery: the first person to find and report a particular fact has not created the fact; he or she has merely discovered its existence." *Feist*, 499 U.S. at 347.

In *Feist*, both parties agreed that copyright could not protect Rural's individual white pages telephone listings, because they were facts, and disagreed only about whether copyright could protect Rural's white pages telephone directory

as a compilation of facts. *Feist*, 499 U.S. at 345 ("Rural wisely concedes this point, noting in its brief that '[f]acts and discoveries, of course, are not themselves subject to copyright protection.'"). According to the Supreme Court, Rural's white pages telephone listings were facts because they were copies of the name, address, and telephone number of the customer they described. *Feist*, 499 U.S. at 347 ("Census takers, for example, do not 'create' the population figures that emerge from their efforts; in a sense, they copy these figures from the world around them.").

West's headnotes are also facts, because they are copies of the judicial opinions they describe. Many of West's headnotes are literal copies of the judicial opinions they describe, consisting of a quotation from the opinion. And while some of West's headnotes are not literal copies of the opinions they describe, they are still paraphrases of those opinions, intended to state a fact about the content of that opinion. The purpose of West's headnotes is to be accurate, not to be original. Indeed, if a West headnote were original, it would be defective. A West headnote is not supposed to be independently created, it is supposed to be copied from the judicial opinion it describes. And a West headnote certainly isn't supposed to be creative, because any creativity would defeat its purpose. *See Southco, Inc. v. Kanebridge Corp.*, 390 F.3d 276, 282 (3d Cir. 2004) (en banc) (Alito, J.) ("Indeed, if any creativity were allowed to creep into the numbering process, the system would be defeated.")

8

### C.    West's Headnotes Are Uncopyrightable Short Phrases

It is well-established that copyright cannot protect "short phrases." *Southco*, 390 F.3d at 285. The Copyright Office has always refused to register short phrases. *Id.* And this Court has always deferred to the Copyright Office's conclusion that copyright does not protect short phrases. *Id*. at 286 ("We believe that the Copyright Office's longstanding practice of denying registration to short phrases merits deference.").

West's headnotes are paradigmatic short phrases that copyright cannot protect. Each West headnote consists of a single sentence describing a single point of law in a judicial opinion. The content of a West headnote is dictated by the content of the judicial opinion it describes. Extending copyright protection to West's headnotes would prevent others from creating their own headnotes describing the same opinions or points of law. Copyright does not, should not, and cannot protect short phrases like West's headnotes.

### D.    West's Headnotes Are Purely Functional

Copyright cannot protect the functional elements of a work of authorship. *See, e.g.*, *Perris v. Hexamer*, 99 U.S. 674 (1879) and *Baker v. Selden*, 101 U.S. 99 (1879). The Copyright Act provides that copyright cannot protect the functional elements of a literary work. 17 U.S.C. § 102(b) ("In no case does copyright protection for an original work of authorship extend to any idea, procedure, process, system, method

of operation, concept, principle, or discovery[.]"). As the Supreme Court has explained, "copyrights protect 'expression' but not the 'ideas' that lie behind it." *Google LLC v. Oracle Am., Inc*., 593 U.S. 1, 18 (2021).

Accordingly, copyright cannot protect West's headnotes, because they "are purely functional." *Southco*, 390 F.3d at 284. West's headnotes merely "convey information about a few objective characteristics" of the judicial opinions they describe and "are produced mechanically using a system with fixed rules." *Id.* at 284. In other words, West's headnotes are precisely the kind of functional elements that copyright does not and cannot protect.

## II.    THE DISTRICT COURT'S RELIANCE ON *FEIST* IS MISPLACED

The District Court relies primarily on the Supreme Court's opinion in *Feist v. Rural* to hold that copyright can protect at least some of West's headnotes. *See Thomson Reuters Enter. Ctr. GMBH v. Ross Intel. Inc.*, No. 1:20-CV-613-SB, 2025 WL 458520, at *3 (D. Del. Feb. 11, 2025). But the Court's reliance on *Feist* is misplaced, because the logic of *Feist* actually cuts the other way. In *Feist*, the Supreme Court held that copyright can't protect the individual elements of a compilation of facts, but can protect the compilation as a whole, if it reflects sufficient creativity. *Feist*, 499 U.S. at 358 ("Facts are never original, so the compilation author can claim originality, if at all, only in the way the facts are presented."). The District Court inverts *Feist*, however, by holding that because copyright protects the West Key Number System as a compilation, copyright also protects the constituent elements of that compilation. That doesn't follow.

The District Court in this case relied on *Feist* to hold that West's headnotes are copyrightable, because they have "enough 'creative spark' to be original." *Thomson Reuters,* 2025 WL 458520, at *3. As explained above, the District Court was wrong. West's headnotes are factual statements about the content of judicial opinions that by design lack any creativity whatsoever.

Once upon a time, Michelangelo supposedly humblebragged, "I saw the angel in the marble and carved until I set him free."[2] The District Court likens West's editors to Michelangelo, finding that they carve headnotes from the raw stone of judicial opinions. But Reader's Digest is a better analogy, because West is in the business of condensing judicial opinions for the benefit of busy lawyers.

While it is true that Thomson Reuters owns a copyright registration for the West Key Number System, that registration says nothing about whether West's headnotes are individually copyrightable. And they are not. As the District Court observes, West's headnotes "are a compilation," and "'[f]actual compilations' are original if the compiler makes 'choices as to selection and arrangement' using 'a minimal degree of creativity.'" *Thomson Reuters,* 2025 WL 458520, at *3. But the originality and copyrightability of a compilation in no way implies the originality and copyrightability of its parts.

This court has been here before. In *Southco*, the plaintiff created a parts numbering system and claimed copyright infringement of its individual parts numbers. 390 F.3d at 279. But this Court found that the parts numbers were not copyrightable. *Id.* at 281.

---

[2] *Famous Quotes by Michelangelo*, *at* https://www.michelangelo.org/michelangelo-quotes.jsp#:~:text=I%20saw%20the%20angel%20in,%2D%20Michelangelo (last visited Apr. 21, 2025).

This case is essentially the same as *Southco*. Thomson Reuters owns a copyright registration in the West Key Number System, but it wants to claim copyright infringement of West's headnotes. The originality and copyrightability of the system does not imply or even suggest the originality or copyrightability of its parts. While the Copyright Office registered the West Key Number System, it has never independently registered any of West's headnotes. And it would never independently register West's headnotes, because they are uncopyrightable short phrases.

## CONCLUSION

In the near future, the federal courts will have to answer the hard question of whether using copyrighted works to train an AI model infringes the copyright in those works. But this is the wrong case to answer that question, because West's headnotes aren't copyrightable works. Accordingly, this court should grant interlocutory review and reverse the District Court's finding of copyright infringement, or at the very least, instruct the District Court to reconsider the copyrightability of West's headnotes.

PRICKETT, JONES & ELLIOTT, P.A.

FROST LLP
Christopher Frost
Nicholas Lauber
Jeffrey Miles
10960 Wilshire Boulevard, Suite 2100
Los Angeles, California 90024
(424) 254-0441
[frost@frostllp.com]
lauber@frostllp.com
miles@frostllp.com

By: */s/ Samuel L. Closic*
    Samuel L. Closic (#5468)
    1310 North King Street
    Wilmington, Delaware 19801
    (302) 888-6500
    bejameson@prickett.com
    slclosic@prickett.com

    *Attorneys for Amici Curae*

Dated:  April 21, 2025

# CERTIFICATIONS

I, Samuel L. Closic, counsel for *Amici Curae*, certify as follows:

1. Pursuant to L.A.R. 28.3(d) I am a member in good standing admitted to the bar of the Court of Appeals for the Third Circuit.[3]

2. This brief complies with the word count limitations of Rule 29(a)(5) as it contains 2,494 words.

3. The text of the electronic motion is identical to the text of the paper copies.

4. A Windows virus scan has been conducted on this brief before filing and no virus was detected.

PRICKETT, JONES & ELLIOTT, P.A.

FROST LLP

Christopher Frost (#200336)
Nicholas Lauber (#288499)
Jeffrey Miles (#293869)
10960 Wilshire Boulevard, Suite 2100
Los Angeles, California 90024
(424) 254-0441
chris@frostllp.com
lauber@frostllp.com
miles@frostllp.com

By:*/s/ Samuel L. Closic*
   Samuel L. Closic (#5468)
   1310 North King Street
   Wilmington, Delaware 19801
   (302) 888-6500
   bejameson@prickett.com
   slclosic@prickett.com

*Attorneys for Amici Curae*

Dated: April 21, 2025

---

[3] I was admitted to the bar of the Court of Appeals for the Third Circuit on April 17, 2025.